THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| SANDPIPER CONDOMINIUM § <br> COUNCIL OF CO-OWNERS, INC., § <br>    Plaintiff § <br> § <br> v. § <br> § <br> LEXINGTON INSURANCE COMPANY, § <br>    Defendant § | Hon. Nelva Gonzales Ramos <br> Civil Action No.: 2:18-cv-00414 |

## **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Lexington Insurance Company ("Defendant") files this Answer and Affirmative Defenses to Plaintiff's First Amended Petition and Jury Demand, as follows:

1.  Paragraph I sets forth legal matters pertaining to discovery under the Texas Rules of Civil Procedure. Discovery in this action will be governed by the Federal Rules of Civil Procedure and as such, the statement in paragraph I is moot. To the extent a response is required, the allegations in paragraph I are denied.

2.  Defendant is without sufficient information to admit or deny the allegations in paragraph II, except admits, based on information and belief, that Sandpiper Condominium Council of Co-Owners, Inc. is a corporation organized under the laws of the State of Texas, with its principal place of business in Texas, and that the Sandpiper condominium building is located in Nueces County, Texas.

3.  Defendant denies each and every allegation in paragraph III, except as follows. Defendant denies knowledge or information sufficient to form a belief as to the allegations regarding Plaintiff's request for service of process on Defendant. Defendant admits the policy at issue contains a "Service of Suit" provision and refers to same for its terms and conditions.

Defendant admits it operates on a surplus lines basis with regard to property insurance in the State of Texas.

4. Paragraph IV asserts legal matters to which no response is required. To the extent a further response is required, Defendant denies each and every allegation in paragraph IV, except admits that Plaintiff seeks over $1 million in monetary relief, and that, upon information and belief, the Sandpiper condominium building is located in Nueces County, Texas.

5. Defendant denies each and every allegation in paragraph V, except admits that it issued policy number 41-LX-024058334-3, with a policy period of May 1, 2017, through May 1, 2018 (the "Policy"), and refers to the Policy for its terms and provisions.

6. Defendant denies each and every allegation in paragraph VI except as follows. Defendant admits that the Sandpiper condominium was damaged as a result of Harvey. Defendant refers to the Policy for its terms and conditions.

7. Defendant denies each and every allegation in paragraph VII, except as follows. Defendant admits that it has paid over $4 million for Harvey-related loss and damage regarding the Sandpiper condominium building. Defendant admits it has certain obligations under the Policy and Texas law, and has complied with those obligations.

8. Defendant denies each and every allegation in paragraph VIII.

9. Defendant denies each and every allegation in paragraph IX except admits that there was Harvey-related damage to the Sandpiper condominium building.

10. Defendant denies each and every allegation contained in paragraph X.

11. Defendant denies each and every allegation in paragraph XI.

12. Defendant denies each and every allegation in paragraph XII except as follows. Defendant admits that a claim for Harvey-related damage was made regarding the Sandpiper

condominium building, and that the claim was timely investigated and adjusted and all amounts due under the Policy were timely paid.

13. Defendant denies each and every allegation contained in paragraph XIII, except admits that Defendant has paid over $4 million for Harvey-related loss and damage regarding the Sandpiper condominium building.

14. Defendant denies each and every allegation in paragraph XIV.

15. Defendant denies each and every allegation in paragraph XV.

16. Defendant denies each and every allegation in paragraph XVI.

17. Defendant denies each and every allegation in paragraph XVII.

18. Paragraph XVIII addresses discovery under the Texas Rules of Civil Procedure. This removed action is governed by the Federal Rules of Civil Procedure, and the requests in this paragraph are now moot. To the extent any response to paragraph XVIII is required, Defendant denies each and every allegation in paragraph XVIII.

19. Defendant denies each and every allegation in paragraph XIX and denies that Plaintiff is entitled to recovery.

## AFFIRMATIVE DEFENSES

Lexington as follows for its Affirmative Defenses to the First Amended Petition:

### First Affirmative Defense

1. The First Amended Petition fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

2. The Plaintiff's claims may be barred or limited by the doctrine of accord and satisfaction.

### Third Affirmative Defense

3. The Plaintiff's claims may be barred by one or more of the doctrines of waiver, laches, unclean hands, or estoppel.

### Fourth Affirmative Defense

4. The Plaintiff has failed to provide written notice to Defendant in accordance with Texas Insurance Code chapters 541, 542, and 542A.

### Fifth Affirmative Defense

5. Coverage for Plaintiff's claim is subject to the Policy's exclusions. The Policy includes the following exclusions for wear and tear, rust and corrosion, and water leakage, and Plaintiff's claim is barred to the extent such exclusions apply:

> **B.  Exclusions**
>
> **2.** We will not pay for loss or damage caused by or resulting from any of the following:
>
> \*          \*          \*
>
> **d.  (1)** Wear and tear;
> **(2)** Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself.
>
> \*          \*          \*
>
> **f.** Continuous or repeated seepage or leakage of water, or the presence of condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.

### Sixth Affirmative Defense

6. Coverage for Plaintiff's claim is subject to the Policy's exclusions. The Policy includes the following exclusions for faulty, inadequate or defective repair, maintenance or design, and Plaintiff's claim is barred to the extent such exclusions apply:

**B.      Exclusions**

**3.**      We will not pay for loss or damage caused by or resulting from any of the following, **3.a.** through **3.c.**  But if an excluded cause of loss that is listed in **3.a.** through **3.c.** results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

*      *      *

**c.**      Faulty, inadequate or defective:

*      *      *

**(2)**      Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
**(3)**      Materials used in repair, construction, renovation or remodeling; or
**(4)**      Maintenance;
of part or all of any property on or off the described premises.

### Seventh Affirmative Defense

7.      The Plaintiff's claim for business income damages is barred by the applicable limit of the Policy, which has been paid in full.

### Eighth Affirmative Defense

8.      To the extent Plaintiff seeks as damages the cost of complying with ordinances or laws, any recovery is subject to the policy provisions which provide, in part, that the cost of reconstruction in accord with ordinances or laws is not covered unless the property is actually repaired or replaced at the same or another premises, and unless the repairs are made as soon as reasonably possible after the loss or damage, not to exceed two years. Plaintiff's claim is barred to the extent Plaintiff has not complied with this provision.

### Ninth Affirmative Defense

9.      Plaintiff's claims are barred to the extent that Plaintiff has failed to satisfy conditions precedent to coverage under the Policy.

### Tenth Affirmative Defense

10. To the extent that Plaintiff's damages were not caused by Hurricane Harvey, there is no coverage under the Policy.

### Eleventh Affirmative Defense

11. Plaintiff's claims are barred in whole or in part by Plaintiff's failure to take reasonable measures to mitigate, minimize, or avoid damages.

### Twelfth Affirmative Defense

12. Defendant reserves the right to raise additional affirmative defenses upon discovery of further information regarding Plaintiff's claims.

WHEREFORE, Defendant asks for a judgment:

a) that the Plaintiff take nothing;

b) dismissing the First Amended Petition with prejudice;

c) awarding Defendant its costs and attorney's fees; and

d) awarding Defendant such other or further relief as the Court deems just and proper.

Dated: November 16, 2018.

Respectfully submitted,

By: /s/ *Raymond Gregory*
Raymond L. Gregory II
S.D. Texas Bar No. 12879
State Bar No. 08438275
rlg2@egglestonbriscoe.com

EGGLESTON & BRISCOE LLP
333 Clay Street, Suite 4800
Houston, Texas 77002
Tel: (713) 659-5100
Fax: (713) 951-9920

Attorneys for Lexington Insurance Company

788693.5

## CERTIFICATE OF SERVICE

    I certify that a true and correct copy of the foregoing instrument has been served on all counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on November 16, 2018.

    William J. Chriss
    The Snapka Law Firm
    606 N. Carancahua, Suite 1511
    P.O. Box 23017
    Corpus Christi, Texas 78403
    (361) 884-8545 - Fax

                                      /s/ *Raymond Gregory*
                                        Raymond L. Gregory II

788693.5