THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| SANDPIPER CONDOMINIUM COUNCIL OF CO-OWNERS, INC., <br>   Plaintiff <br> <br> v. <br> <br> LEXINGTON INSURANCE COMPANY, <br>   Defendant. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> Hon. Nelva Gonzales Ramos <br> Civil Action No.: 2:18-cv-00414 |

**DEFENDANT'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF ITS MOTION TO STRIKE PLAINTIFF'S
RESPONSIVE PLEADINGS IN ITS SECOND AMENDED COMPLAINT
AND IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR LEAVE
TO FILE THE SECOND AMENDED COMPLAINT**

Defendant Lexington Insurance Company ("Lexington") submits this memorandum of law in further support of its motion to strike Plaintiff Sandpiper Condominium Council of Co-owners, Inc.'s ("Sandpiper") "Responsive Pleadings" as set forth in pages 14 - 18 of Sandpiper's Second Amended Complaint [ECF No. 12], and in opposition to Plaintiff's cross-motion for leave to file the "Responsive Pleadings" as part of its Second Amended Complaint.

Plaintiff has not responded to the clear authority from this and other federal courts, cited in Lexington's motion, that replies to answers are not permitted. See Lexington's Motion [ECF No. 13. at 2-3]. For this reason alone, Lexington's motion should be granted.

Plaintiff argues that it should be allowed to reply to Lexington's answer in order to assert waiver, excuse, and estoppel. See Plaintiff's Opposition [ECF No. 14] at 2. Plaintiff, however, already alleged exactly those theories in its First Amended Petition. In paragraph "X" of its First Amended Petition, Plaintiff alleges "Moreover, as to the policy exclusions or other matters of

796415.1

avoidance pleaded by the Defendant, …Plaintiff would show that Defendant has waived or is estopped to assert any limitations ….." <u>See</u> Plaintiff's Original Petition [ECF No. 1-4] at par. X.

Plaintiff asserts that its proposed "Responsive Pleadings" will not prejudice Lexington. That is incorrect. If this Court allows Plaintiff to assert its "Responsive Pleadings", then Lexington will have to draft and file a response. That is an expense Lexington would not otherwise have to undertake. Plaintiff will then presumably file another "Responsive Pleading" and the cycle will spin again with Lexington filing another answer.  Lexington will be prejudiced via this repetitive pleading process and the Court will be prejudiced by having extensive, duplicative, and useless pleadings on the docket.

Moreover, Plaintiff's proposed "Responsive Pleadings" sow confusion. In its "Responsive Pleadings" Plaintiff denies the allegations made by Lexington in paragraphs 4 through 19 of Lexington's answer.  In paragraph 4 of its answer, Lexington denied all allegations in paragraph 4 of Plaintiff's First Amended Petition, except admitted that Plaintiff seeks over $1 million in monetary relief and also admitted, upon information and belief, that the Sandpiper Condominium is located in Nueces County, Texas.  <u>See</u> Lexington's Answer [ECF No. 8 at par. 4]. Plaintiff denies Lexington's admission and therefore now denies the allegation in its own complaint that it seeks over $1 million and denies that the Sandpiper Condominium is located in Nueces County. The same is true as to paragraphs 5, 6, and 7 of Lexington's answer. In each instance Lexington admitted certain, limited, allegations in Plaintiff's First Amended Petition. Plaintiff now "denies" those admissions and therefore denies its own allegations.

Plaintiff argues that leave is freely given to amend pleadings before trial.  That rule, however, does not apply to the assertion of claims such as Plaintiff's "Responsive Pleadings" that are not authorized under the federal rules.  In this case Plaintiff must establish why it is allowed to

submit its "Responsive Pleadings" which are otherwise barred by the rules. Plaintiff has not done so, and its motion should be denied, to the extent that Plaintiff seeks leave to file its "Responsive Pleadings".

Conclusion

For the reasons stated above and in Lexington's motion, Sandpiper's "Responsive Pleading" should be stricken from its Second Amended Complaint.

Dated: January 10, 2019

                                             Respectfully submitted,

By: /s/ *Raymond Gregory*

    Raymond L. Gregory II
    S.D. Texas Bar No. 12879
    State Bar No. 08438275
    rlg2@egglestonbriscoe.com

EGGLESTON & BRISCOE LLP
333 Clay Street, Suite 4800
Houston, Texas 77002
Tel: (713) 659-5100
Fax: (713) 951-9920

Wayne R. Glaubinger
Admitted *Pro Hac Vice*
James M. Dennis
Admitted *Pro Hac Vice*

MOUND COTTON WOLLAN &
GREENGRASS LLP
One New York Plaza
New York, NY 10004
212-804-4263

ATTORNEYS FOR LEXINGTON
INSURANCE COMPANY

**CERTIFICATE OF SERVICE**

     I certify that a true and correct copy of the foregoing instrument has been served on all counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on January 10, 2019.

    William J. Chriss
    The Snapka Law Firm
    606 N. Carancahua, Suite 1511
    P.O. Box 23017
    Corpus Christi, Texas 78403
    (361) 884-8545 - Fax

                              /s/ *Raymond Gregory*
                                Raymond L. Gregory II

796415.1