UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SANDPIPER CONDOMINIUM | § | |
| | § | |
| COUNCIL OF CO-OWNERS, INC. | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | CIVIL ACTION NO.  2:18-CV-00414 |
| **v.** | § | |
| | § | |
| | § | |
| LEXINGTON INSURANCE | § | |
| COMPANY | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

JOINT DISCOVERY CASE MANAGEMENT PLAN

---

1.    **State when the Rule 26 Conference of the parties was held and identify the counsel who attended for each party.**

The meeting was held telephonically on December 14, 2018. William J. Chriss participated for Plaintiff and James Dennis and Samuel Weiss participated for Defendant.  Further discussions were held on January 15, 2019 and January 24, 2019.

2.    **List any cases related to the present action that are pending in any state or federal court, with the style, case number, court, and a brief description of the case.**

None known.

3.    **Briefly describe the pertinent facts and legal theories upon which the present action is based.**

Plaintiff's Position:

Plaintiff seeks monetary damages related to Hurricane Harvey from its property insurer in the form of policy benefits, consequential damages, statutory damages and interest under the Texas Prompt Payment of Claims statute, attorney fees, and

additional or punitive damages. Plaintiff made a demand for a specific sum and filed a proof of loss with the Defendant more than 60 days prior to filing suit.

Lexington's Position:

This is a Harvey-related property damage insurance coverage dispute regarding a condominium, the "Sandpiper", located at 6745 Seacomber Drive, Corpus Christi. Lexington has paid more than $4 million to Plaintiff. Plaintiff asserts that certain additional amounts are due to repair damage which Plaintiff alleges results from Harvey. To date, plaintiff has not identified the additional damage for which amounts are sought. Plaintiff did not make a demand for a specified sum more than 60 days prior to commencing suit.

4. **Specify the allegation of federal jurisdiction. Indicate whether the parties agree or disagree to the allegation. If the parties disagree, indicate the nature of the disagreement.**

Defendant removed the case alleging diversity of citizenship. The parties agree.

5. **List any additional parties that may be included, when they can be added, and which party desires to bring them into the litigation. In diversity jurisdiction cases, this item is intended to trigger the disclosure requirement of TEX. CIV. PRAC. & REM. CODE § 33.004(d) (effective September 1, 2011) and TEX. R. CIV. P. 194.2(b).**

While Plaintiff alleges individual unit owners of condominiums in the Sandpiper complex have the right to intervene, none have indicated they will do so, and neither party seeks to join them at this time.

Lexington is not aware of any additional parties to be added at this time. Lexington takes no position at this time as to any unit owner's right to intervene in this action.

6. **List any anticipated interventions.**

While Plaintiff alleges individual unit owners of condominiums in the Sandpiper complex have the right to intervene, none have indicated they will do so, and neither party seeks to join them at this time.

Lexington is not aware of any anticipated interventions.

7. **If this is a class action, describe any issues regarding certification of the class.**

Not applicable.

8. **State whether each party represents that it has made the initial disclosures required by FRCP 26(a). If not, describe the arrangements that have been made to complete such disclosures.**

Initial written disclosures were exchanged on December 28, 2018. The parties have agreed to exchange documents identified in their written disclosures as reflected below. Such exchange is contingent on the parties agreeing on the format in which to produce electronically stored documents.

9.      **Describe the proposed discovery plan the parties have agreed upon, including:**

A.      **Responses to all the matters raised in Rule 26(f).**

Lexington's Position:

Lexington will require discovery of what items plaintiff alleges were damaged by Harvey that have not been paid for to date; whether such alleged damages were caused by Harvey, whether such alleged damages were pre-existing conditions, and whether such alleged damages are within the policy coverage and if so whether they are  subject to any exclusions or limits of coverage. Lexington will also need discovery regarding the claimed cost to repair such items. Lexington will need discovery regarding Plaintiff's allegations of improper claim handling.

Lexington sent a proposed stipulation to the plaintiff regarding the production of electronically stored information on December 28, 2018.  The parties have not yet agreed on that stipulation and will meet and confer further on January 29, 2019.

Plaintiff's Position:

The majority of matters raised in Rule 26(f) are addressed throughout this Report. Plaintiff anticipates that discovery will be required concerning Defendant's claims and defenses, any experts designated by Defendant, Defendant's agents involved in the claim and underwriting process, and the basis for Defendant's failure to pay for the loss.

Plaintiff sent a proposed amended stipulation to Lexington regarding the production of electronically stored information on January 15, 2019.

B.      **When and to whom Plaintiff anticipates sending interrogatories.**

Plaintiff's Position:

Plaintiff anticipates sending interrogatories to Defendant by March 11, 2019.

Lexington's Position:

It is Lexington's position that Plaintiff should serve interrogatories no later than January 30, 2019.

C.      **When and to whom Defendants anticipate sending interrogatories.**

Defendant served its initial set of interrogatories to Plaintiff on December 20, 2018.  Lexington anticipates that it may serve additional interrogatories on the Plaintiff.

**D.      When and from whom Plaintiff anticipates taking oral depositions.**

Plaintiff anticipates deposing claims personnel, agents, and consultants hired or retained by Defendant in connection with the relevant policy or claim, including engineers and construction consultants, and individuals disclosed by Defendant as expert or persons with knowledge of relevant facts. Plaintiff may also depose its own witnesses or experts in order to preserve their testimony for trial. It is anticipated that such depositions will be completed by a proposed discovery deadline of November 1, 2019. With a view toward a trial date in early March 2019, and based on the court's customary deadlines, Plaintiff proposes a discovery deadline of November 1, 2019.

**E.      When and from whom Defendants anticipate taking oral depositions.**

Lexington anticipates deposing the individuals identified in Plaintiff's Rule 26 mandatory disclosures. Lexington also intends to depose each of the individuals involved in the claim adjustment on behalf of Sandpiper. Lexington may also depose representatives of the contractors involved in the repair of actual and alleged damage to the building. Once Plaintiff identifies the items it alleges were damaged by Harvey but that have not yet been paid for, Lexington anticipates deposing the persons with knowledge of those items and associated costs. Lexington will also depose any other potential witnesses that will support Plaintiff's damages claims.  Lexington may serve subpoenas for documents and testimony.

Lexington anticipates that all fact depositions be completed by August 30, 2019.

**F.      When Plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff proposes designating its experts with reports by August 1, 2019; and that Defendant should designated experts with reports by September 3, 2019.

Lexington's Position:

Lexington proposes that expert disclosures be submitted after fact discovery, including depositions, has been concluded. Lexington proposes fact discovery concluding by August 30, 2019.  Lexington proposes plaintiff's expert reports be submitted by September 30, 2019.  Lexington proposes its expert reports be provided by November 15, 2019.

G. **List expert depositions Plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.**

Plaintiff anticipates deposing any experts designate by Defendant, and Defendant's claims personnel, agents, and consultants hired or retained by Defendant in connection with the relevant policy or claim, including engineers and construction consultants. Plaintiff may also depose its own witnesses or experts in order to preserve their testimony for trial. It is anticipated that such depositions will be completed by Plaintiff's proposed discovery deadline of November 1, 2019.

H. **List expert depositions the opposing party or parties anticipate taking and their anticipated completion date.**

Lexington intends to depose the experts as to which Plaintiffs submit expert reports. To the extent there are witnesses who may qualify to provide opinion testimony under F.R.E 701, such witnesses should be deposed during the period allowed for fact witness depositions.

Lexington proposes that depositions of all experts that submit reports be completed by December 31, 2019.

10. **If the parties do not agree on a part of the discovery plan, describe the separate views and proposals of each party.**

The parties' respective positions are set forth.

11. **Specify the discovery, beyond initial disclosures, that has been undertaken to date.**

Lexington served interrogatories and document requests on December 20, 2018; Lexington served its written mandatory disclosures on December 28, 2018 and will produce the mandatory disclosure documents on January 31, 2019 subject to an agreement with plaintiff as to the format in which to produce electronically stored documents.

Plaintiff has served the following discovery: Plaintiff served its written disclosures with documents on December 28, 2018. Plaintiff anticipates supplementing such disclosures and documents by February 12, 2019 subject to an agreement with Lexington as to the format in which to produce electronically stored documents.

12. **State the date the planned discovery can reasonably be completed.**

Plaintiff proposes November 1, 2019.

Lexington proposes all planned discovery be complete by December 31, 2019.

13. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in the Rule 26 Conference, including the suitability of this case for mediation or other alternative dispute resolution. Include the anticipated date for the provision of a settlement demand by any party seeking affirmative relief.**

> Plaintiff's Position:
>
> Plaintiff made a pre-suit demand in June 2018 and invited the defendant to inspect the property as provided by statute. In response, Defendant did not inspect. Plaintiff will make an updated demand by October 15, 2019 after designation of all experts. Plaintiff reserves the right to make demands for payment or settlement before such time. Plaintiff has also inquired of Defendant whether it intends to invoke any appraisal process described in the policy. Defendant's response is below.
>
> Lexington's Position:
>
> Lexington suggested a pre-suit meeting to be held after plaintiff identified the items it asserts were damaged by Harvey but not paid for by Lexington, and the amounts Plaintiff asserts are necessary to repair such damage. That suggestion was not accepted.
>
> Lexington proposes that any settlement demand be made after expert discovery is complete. Voluntary mediation at that point would be the most efficient use of the parties' resources.
>
> Lexington at this time is unable to determine whether appraisal is appropriate because plaintiff has not yet identified the items of damage that it believes were caused by Harvey that have not been paid for or the amount alleged to repair same.

14. **If all parties consent, a Federal Magistrate Judge may hear both jury and non-jury trials. Indicate whether or not all parties consent to a trial before a Magistrate Judge. (YES/NO)**

> No.

15. **State whether a jury demand has been made, and if so, whether it was made on time.**

> Yes. Such a demand was made timely in state court prior to removal.

16. **Specify the combined total number of hours it will take both parties to present the evidence in this case.**

> Plaintiff and Defendant anticipate a trial of this matter will take seven to ten days.

17. **List pending motions that could be ruled on at the Initial Pretrial Conference.**

      The motion to strike made by Lexington (Doc. No. 13) could be ruled on by the Court, as well plaintiff's cross-motion for leave.

18. **List other pending motions.**

      None at this time.

19. **Indicate other matters peculiar to this case–including discovery–that deserve the special attention of the Court at the Initial Pretrial Conference.**

      None at this time.

20. **Certify that all parties have filed Certificates of Interested Parties–as directed in the Order of Conference and Disclosure of Interested Parties–listing the date of filing for the originals and any amendments to the Certificates.**

      The parties so certify. Defendant filed its certificate on November 9, 2018. Plaintiff filed its certificate on November 27, 2018.

21. **List the names, bar numbers, addresses, telephone numbers, facsimile numbers, and electronic mail addresses of all counsel and pro se parties.**

      ***Attorneys for Plaintiff:***

      William J. Chriss
      Attorney-In-Charge
      State Bar No. 04222100
      wjchrisspc@gmail.com

      Kathryn Snapka
      State Bar No. 18781200
      ksnapka@snapkalaw.com

      THE SNAPKA LAW FIRM
      606 N. Carancahua, Suite 1511
      Corpus Christi, Texas 78403
      Telephone: 361-888-7676
      Facsimile: 361-884-8545

      ***Attorneys for Defendant***:

      Raymond L. Gregory II
      State Bar No. 08438275
      Rlg2@egglestonbriscoe.com

      **EGGLESTON & BRISCOE LLP**

333 Clay Street, Suite 4800
Houston, Texas 77002
Tel: (713) 659-5100
Fax: (713) 951-9920

Wayne R. Glaubinger
Pro hac vice
WGlaubinger@Moundcotton.com
James M. Dennis
Pro hac vice
JDennis@Moundcotton.com

**Mound Cotton Wollan & Greengrass LLP**
One New York Plaza
New York , NY 10004

**By each of our signatures below, Counsel represent that each understands that the Court will rely on these representations in entering its Scheduling Order.**

/s/ *William J. Chriss*                                     *1-24-2019*
**Counsel for Plaintiff**                              Date

/s/ *James M. Dennis*                                     *1-24-2019*
**Counsel for Defendant**                         Date