**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| SANDPIPER CONDOMINIUM COUNCIL OF OWNERS, INC. | § § § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO.  2:18-CV-00414 |
| LEXINGTON INSURANCE COMPANY | § § § | |
| Defendant | § | |

**PLAINTIFF'S MOTION FOR PROTECTION FROM DISCOVERY AND TO MODIFY OR QUASH SUBPOENAS ISSUED BY DEFENDANT FOR MICHAEL SMILEY, MICHAEL MANSUETO, and AL RAMACCIOTTI**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff SANDPIPER CONDOMINIUM COUNCIL OF OWNERS, INC. ("Sandpiper" or "Plaintiff"), and pursuant to the Federal Rules of Civil Procedure, including Rules 26 and 45, files this motion for protection from discovery and to quash or modify subpoenas issued by LEXINGTON INSURANCE COMPANY ("Lexington"), Defendant in said Civil Action, and would show as follows:

**BACKGROUND**

1. Defendant has engaged in overbroad, non-proportional, and burdensome discovery in this case, including those matters already brought to the court's attention and discussed at the discovery motion pre-hearing conference on June 26, 2019. Plaintiff seeks protection from such discovery in a number of respects.

2. Specifically, Michael Smiley, Al Ramacciotti, and Michael Mansueto (collectively "respondents") were served with overbroad, non-proportional, and vexatious subpoenas; and Plaintiff has been subjected to unreasonable requests for

obviously privileged materials and for logs of the nature and identity of such materials.

## THE SUBPOENAS

3.  The relevant subpoenas are attached as Exhibits A-1, A-2, and A-3. Plaintiff and respondents reserve the right to seek additional relief in the form of additional motions to quash or modify, or for protective order, or by way of assertion or claim of privilege or protection from discovery, or otherwise. However, on its face, Rule 45(d)(3)(A)(iii) requires that a court "must quash or modify a subpoena that…requires disclosure of privileged or protected matter, if no exception or waiver applies..." Moreover, under Rule 45(d)(3)(A)(i)-(iii) a court must protect one subjected to a subpoena from undue burden or from failing to allow a reasonable time to comply, and Rule 45(d)(1) requires that the court "must enforce" the duty to "take reasonable steps to avoid imposing undue burden or expense on a person subject to a subpoena.

4.  Subject to such reservation of rights, Plaintiff and respondents have objected to the subpoenas referenced herein and asserted privilege and protection from disclosure with respect to same as per the attached Exhibit B, which is incorporated herein for all purposes. Pursuant to Rule 45(d)(3), F.R.C.P., Plaintiff has also filed or is in the process of filing Motions for Protection or to Quash or Modify such subpoenas in the districts and divisions where compliance was demanded. Plaintiff and the respondents have each consented to have such motions transferred to this court pursuant to Rule 45(f), F.R.C.P.

5.  On May 28, 2019, Defendant served Plaintiff's counsel with document production subpoenas for respondents, whom Defendant knows to be officers, board members, owner members, and/or former officers or board members of Plaintiff. In fact, Defendant requested Plaintiff's counsel to accept service of such

subpoenas on behalf of the respondents, which Plaintiff's counsel agreed to do. The subpoenas each state a response date of June 28, 2019.

6.  Plaintiff was sent notice of the subpoenas on May 28, 2019, and Plaintiff and respondents filed objections and claims of privilege within 14 days thereafter under Rule 45(d)(2)(B) (formerly Rule 45(c)(2)). Such rule provides protection from overbroad subpoenas that place upon a respondent the "burdensome task to provide full information regarding that person's claims to privilege or work product protection. Such a person is entitled to protection that may be secured" by such objections. F.R.C.P. 45- Advisory Committee Note 33. Parties adversely affected, such as Plaintiff, are entitled to the same protection, one vehicle for which is a motion to quash or modify or for protection.  F.R.C.P. 45(d)(3).

7.  Compliance with the subpoenas for Messrs. Smiley, Ramacciotti, and Mansueto would be unreasonable and oppressive and involve undue burden and expense under the circumstances of this case and would violate the requirement of proportionality, where Defendant  knows that such witnesses are management officers, agents, principals, and/or representatives of the Plaintiff, and knows that a substantial portion, if not all, of the documents sought are privileged,  protected from discovery, or have already been objected to or responded to by Plaintiff after searching them for any applicable privileges or other bases for non-disclosure.

8.  Such subpoenas, on their face and otherwise, seek information that is privileged or subject to protection as attorney-client, work product or trial preparation materials, and in fact, most or all of the information sought is duplicative of requests for documents served upon Plaintiff and as to which Plaintiff has already asserted and claimed such privileges and protection. For example, Plaintiff has already responded to over 50 overbroad document requests concerning the same subject matter, as well as numerous document production subpoenas directed to its agents, consultants, contractors, or representatives. In this connection, Plaintiff

here incorporates by reference as if fully set forth at length Plaintiff's Responses to Lexington's First Set of Document Requests, which are attached as Exhibit C.

9. In response to such requests, Plaintiff has asserted and claimed privilege and protection from disclosure of work product, attorney-client communications, and materials protected from disclosure under Rule 26(b)(3) and Rule 26(b)(4). Plaintiff has provided privilege and protection logs and specifically claimed that Plaintiff's anticipation of litigation in this case occurred on or before March 8, 2018, at which time the Board of Directors and Management of Plaintiff decided to pursue possible litigation and interview attorneys for that purpose.

10. The subpoenas directed to respondents seek, on their face, to obtain the same obviously privileged material by attempting to improperly circumvent the objections and claims of privilege already made by Plaintiff in response to Rule 34 Requests for Documents, and to improperly use Rule 45 to avoid the requirements of Rule 34. Even more egregious, a new category #15 appears among the documents sought by the instant subpoenas and seeks "All documents concerning all communications between Sandpiper and…(among many others) Plaintiff's Counsel" concerning the property or the claim.  "Sandpiper" is defined to include the plaintiff organization "and any employees, agents, or other representatives or person acting on its behalf or under its direction…" just as it was so defined in Defendant's previous Rule 34 Requests for Documents. "Plaintiff's Counsel" is defined to include "any attorney or their employees, agents, principals,…or other representative or person acting on their behalf, including but not limited to, The Snapka Law Firm, William "Bill" Chriss, Kathryn Snapka, and Ken Fields." Mr.

4

Fields represented Plaintiff for years on various matters prior to the Snapka Law Firm.

11. The subpoenas in other respects repeat requests for documents made to Plaintiff, and previously objected to, for essentially any documents concerning the property or the claim or the hurricane, some without temporal limit and some reaching back from 2005 to date, including internal communications between members and management of the Plaintiff, and communications between Plaintiff and its engineers, management team, and consultants after the anticipation of litigation in this case, as well as now intentionally seeking information known by Defendant to be attorney-client privileged. Rule 501, F.R.E. provides that all privileges in diversity cases are governed by the law of Texas, and this is a diversity case. Texas law provides that a client has the right to refuse to disclose and prevent any other person from disclosing essentially any communication made between a lawyer and a client representative or made between client representatives themselves "made to facilitate the rendition of professional legal services to the client." Texas Rule of Evidence  503(b)(1).

12. Michael Smiley is the President of Plaintiff. Al Ramacciotti is the Treasurer of the Plaintiff and Chair of the Windows and Doors Working Group/Committee and the Insurance Working Group/Committee of the Plaintiff and its Board. Michael Mansueto is a former board member of Plaintiff and currently serves on the Board's Insurance Working Group/Committee. All three respondents are member owners of the Plaintiff and representatives of Plaintiff.

5

13. Defendant knows of Plaintiff's prior assertions of privilege and protection from discovery as to all document requests in the subpoenas, knows that the respondents are officers, directors, agents, members, and/or principals of the Plaintiff organization, and knows it is seeking by the instant subpoenas information previously objected to and/or withheld under claim of privilege. Defendant has declined to modify or withdraw the subpoenas, other than (as discussed further below) to propose that Plaintiff not prepare a privilege log as to items generated after the lawsuit was filed.

14. More specifically in response to the subpoenas, Plaintiff and respondents claimed and claim privilege and protection from disclosure and will withhold or seek to withhold or have withheld from production material attorney-client privileged or privileged or  subject to protection as work product or trial preparation material, or under Rule 26(b)(3) or Rule 26(b)(4), describing the nature of the documents, communications, or electronically stored information as follows: All documents and information reflecting or containing communications among attorneys representing Sandpiper and/or respondents or other consultants, agents, owners, or representatives of Sandpiper; all documents and information reflecting or containing communications between or among attorneys representing Sandpiper and/or respondents and Sandpiper or its consultants or agents, including its management agent CCMS and respondents, and their respective employees; all documents and information reflecting or containing communications about the subject matter of this case between or among such attorneys and Sandpiper representatives, consultants, or agents, including but not limited to respondents,

and owner members, Borden Insurance, Hanson Engineering, or other expert witnesses or consultants after Sandpiper anticipated litigation in this case, which was on or before March 8, 2018; and all communications, documents, or tangible things regarding the subject matter of this suit and prepared after anticipation of litigation by, for, or among or between Sandpiper or its lawyers, representatives or agents, including respondents and all    principals, owner members, expert consultants, or managers or employees of Plaintiff.

15. The federal rules discuss "work product" in terms of a "protection" from discovery, as distinguished from a "privilege." Under the federal rules, discovery of privileged material is not permitted, and *in addition*, what the federal rules define as "work product" is "protected" from disclosure with certain exceptions. See F.R.C.P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant…and proportional to the needs of the case…"); F.R.C.P. 26(b)(3) & (4)(defining "work product" to include "Trial Preparation Materials"); and F.R.C.P. 26(b)(5)(A) ("When a party withholds information otherwise discoverable by claiming that the information is privileged *or subject to protection as trial-preparation material…*"). As stated, in a diversity case such as this, federal courts must look to state law regarding what is and is not "privileged," i.e., state law governs privileges. F.R.E. 501; *In re Sealed Case Med. Records*, 381 F.3d 1205, 1212 (D.C. Cir. 2004); *Motley v. Marathon Oil*, 71 F.3d 1547, 1551 (10th Cir. 1995). Under Texas law, any material prepared in anticipation of litigation by a party or its attorneys, representatives, consultants, sureties, indemnitors, insurers, employees or agents is privileged as "work product." *And* any **communication**

made in anticipation of litigation **between or among** a party or its representatives, including its attorneys, consultants, sureties, indemnitors, insurers, employees, or agents is privileged as work product. *And* in Texas, this Texas work product doctrine is explicitly denominated a **privilege**, so that there can be no misunderstanding as to its applicability in federal diversity cases applying Texas substantive law. T.R.C.P. 192.5(d)

16. Under the circumstances in this case, compliance with the subpoenas would be unreasonable and oppressive and involve undue burden and expense. Because of the overbroad nature of the requests for documents, they seek massive amounts of irrelevant and/or privileged information. The defendant has no need for the information because: it has already requested it once and received relevant responsive unprivileged documents; the requests are overbroad seeking information irrelevant to any determination of the issues in the case which are based upon the amount necessary to repair damage to the building from Hurricane Harvey, as witnessed by the fact that the Defendant did not ask for any of the information for the first 16 months it was handling Plaintiff's claims for hurricane damage. The document requests do not describe any category of documents with any degree of particularity, prefacing each category with the phrase "all documents concerning…" a broad plethora of subjects including essentially anything having to do with the building, the hurricane, or the claim. As such, they amount to nothing more than a fishing expedition an impermissible attempt to obtain any document which could conceivably be tangentially related to any issue in the case. It will be expensive and inconvenient for the respondents, who are not individually

represented by undersigned counsel but join in these objections pro se, to search for, identify, determine the confidentiality of, and produce responsive documents. Finally, any subpoena presents an undue burden when the subpoena is facially overbroad as these subpoenas clearly are.

17. For example, Michael Mansueto is a Clinical Associate Professor at the UTSA Health Science Center and has been scheduled for some time to be out of the country or on vacation during this summer. Specifically, while the subpoena issued for him requests that he produce documents by June 28, 2019, he will only be in the State of Texas for two days between June 9, 2019 and June 27, 2019 due to previously scheduled trips out of state.  In addition, Plaintiff and the respondents will incur unreasonable and unnecessary expense in purchasing portable devices to store electronic information or make copies and should not be subjected to same under the circumstances.

18. Plaintiff moves that the subpoenas be quashed, or in the alternative modified to, among other things, not request privileged information and not make overbroad requests for documents and not require unreasonable expense or burden for compliance.

19. All parties and witnesses are notified that if material subject to these claims of privilege or protection from disclosure is produced in response to subpoena, any party receiving the information must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claims are resolved; must take reasonable steps to retrieve the

information if further disclosed; and may promptly present the information to the court under seal for a determination of the claim.

## PRIVILEGE LOGS AND PROPORTIONALITY

20. Plaintiff and respondents object to, and seek protection from, any request or requirement that Plaintiff or the respondents provide any greater specificity in the form of a privilege log beyond that which has already been provided hereinbefore. Such would involve undue burden and expense in the circumstances of this case and would violate the requirement of proportionality, in addition to inadvertently revealing privileged or protected information.

21. Defendant has refused to provide privilege logs for documents created on or after the commencement of this suit on September 6, 2018, giving no reason for its refusal to do so. One must assume this is because of a claim that to require same would be burdensome, oppressive, and violate the requirement of proportionality or reasonableness. Under these circumstances, there is no reason the date should not more properly be the date of anticipation of litigation in the case, or the date Plaintiff's attorneys were hired to pursue litigation, or the date of Plaintiff's presuit demand letter (June 27, 2018). Similarly, only after receiving over 200 pages of privilege logs from Plaintiff, did Defendant advise Plaintiff's counsel that it would not require privilege logs for documents of Plaintiff after September 6, 2018. This is an abusive discovery tactic of the type condemned in *Dondi Properties v. Commerce Savings & Loan*, 121 F.R.D. 284 (N.D. Tex. 1988) (en banc and required reading for *pro hac vice* lawyers in the N.D. Tex.) (holding that "[w]ith alarming frequency, we find that valuable judicial and attorney time is

consumed in resolving unnecessary contention and sharp practices between lawyers. Judges and magistrates of this court are required to devote substantial attention to refereeing abusive litigation tactics that range from benign incivility to outright obstruction."). If Lexington's current position is to be the rule of this litigation based upon proportionality, Lexington should have advised Sandpiper sooner and allowed Sandpiper to avoid all the prior burden and expense. Sandpiper seeks to have the court so order moving forward, but to select the date of anticipation of litigation for such logging cut-off date.

22. Plaintiff reserves all rights under prior assertions and claims of privilege in this case.

Respectfully submitted,

**THE SNAPKA LAW FIRM**
606 N. Carancahua, Suite 1511
P.O. Box 23017
Corpus Christi, Texas 78403
Telephone: (361) 888-7676
Facsimile: (361) 884-8545

/s/ *William J. Chriss*
**William J. Chriss**
State Bar No. 04222100
Email:  wjchrisspc@gmail.com
**Kathryn Snapka**
State Bar No. 18781200
Email: ksnapka@snapkalaw.com
**ATTORNEYS FOR PLAINTIFF**

11

## CERTIFICATE OF CONFERENCE

I conferred with Diana McMonagle on the subject of this motion by telephone on May 30, 2019 and by email on May 28 and May 30, 2019, and with James Dennis on June 26, 2019, and counsel cannot agree about the disposition of the motion.

/s/ *William J. Chriss*
**William J. Chriss**
**Attorney-In-Charge for Plaintiff**

## CERTIFICATE OF SERVICE

This is to certify that, on June 27, 2019, a true and correct copy of the foregoing was served on all counsel of record in accordance with the Federal Rules of Civil Procedure as follows:

Raymond L. Gregory II
EGGLESTON & BRISCOE, LLP
4800 Three Allen Center
333 Clay Street
Houston, Texas 77002
rlg2@egglestonbriscoe.com

Wayne R. Glaubinger
James M. Dennis
Diana McMonagle
One New York Plaza
New York, NY 10004

**ATTORNEYS FOR DEFENDANT LEXINGTON INSURANCE COMPANY**

/s/ *William J. Chriss*
**William J. Chriss**
**Attorney-In-Charge for Plaintiff**