UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SANDPIPER CONDOMINIUM | § | |
| COUNCIL OF OWNERS, INC., *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-414 |
| | § | |
| LEXINGTON INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## ORDER ON MOTION FOR APPOINTMENT OF UMPIRE

The Court previously abated this insurance litigation and compelled the parties to participate in an appraisal process. D.E. 83. Defendant Lexington Insurance Company (Lexington) now moves for the appointment of an umpire for that process, asking the Court to select an umpire from a group of its suggested candidates. D.E. 86. In response, Plaintiff Sandpiper Condominium Council of Owners, Inc. (Sandpiper) agrees the Court should make an appointment, but asks it to select from its own group of candidates. D.E. 88. Lexington replied to this request. D.E. 90. In case the Court rejects all of the preferred candidates, the parties offered several alternative umpires.[1] For the following reasons, the Court GRANTS IN PART and DENIES IN PART Lexington's motion. D.E. 86. The Court APPOINTS Cecil Parker as umpire.

---

[1] Lexington's suggested candidates are Frank Jones, Billy Liles, Tim Malony, and Mark West. Alternatively, Lexington asks the Court to select Jerry Hoover or Scott Link. Sandpiper's suggested candidates are James LeBlanc, Cecil Parker, Savannah Robinson, and Terry Shamsie. Alternatively, Sandpiper asks the Court to select from among three retired judges: Hon. J. Manuel Bañales, Hon. J. Robert Garza, and Hon. Fred Hinojosa.

1 / 3

## DISCUSSION

According to the policy underlying this action, the parties' selected appraisers may request that a court of competent jurisdiction select an umpire if they cannot agree to one. D.E. 86-1, ¶ 3. As already noted, the parties agree the Court should appoint an umpire. While the policy permits the Court to do so, it does not provide any criteria for making this decision. Nonetheless, the parties appear to agree the Court should apply a relatively simple standard: the umpire should be impartial and have relevant experience. *See U.S. Pecan Trading Co. v. Gen. Ins. Co. of Am.*, No. EP-08-CV-347-DB, 2009 WL 10669396, at *1 (W.D. Tex. May 29, 2009) ("[T]he independence of the umpire is of utmost importance.").

The Court finds that Cecil Parker, one of Sandpiper's suggested umpires, best meets these requirements. Lexington claims Parker lacks relevant experience, but Parker's résumé undermines this argument. This case is based on Sandpiper's allegation that Hurricane Harvey caused millions of dollars in damage to the Sandpiper condominium complex. *See* D.E. 29. Since 2012, Parker has served as umpire in over one thousand appraisals, including several involving school districts and other large losses. D.E. 86-11, p. 1, D.E. 88-1, p. 1. Prior to that, he adjusted losses caused by Hurricanes Irene, Ike, and Dolly—the last of which included losses for six school districts. D.E. 86-11, p. 1.

Lexington does not appear to argue that Parker has any improper bias, but it notes that Sandpiper's counsel, William Chriss, suggested Parker as an umpire in the unrelated case of *Mustang Towers Council of Co-Owners, Inc. v. United Nat'l Ins. Co.*, 2:18-cv-

00355 (S.D. Tex.). To the extent Lexington objects to Parker on this basis, the Court finds it unpersuasive. Parker did not ultimately serve as umpire in the *Mustang Towers* appraisal. And his limited involvement in that case does not suggest bias in this case.

Based on the record before it, the Court finds Parker has sufficient experience and the fewest indicators of potential bias, making him the best candidate for the appointment.

## CONCLUSION

For the stated reasons, Lexington's motion is GRANTED IN PART and DENIED IN PART. D.E. 86. Cecil Parker is APPOINTED umpire.

ORDERED this 28th day of February, 2020.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE